UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-518-RLV
(3:03-cr-51-RLV-1)

| | |
|---|---|
| JOHN ANTHONY ROWE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 2.)

### I. BACKGROUND

On January 13, 2004, Petitioner entered a straight-up guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), which, in his case, carried exposure to enhanced penalties under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Indictment, United States v. Rowe, 3:03-cr-51-RLV-1 (W.D.N.C.), Doc. No. 1; Entry and Acceptance of Guilty Plea, id. at Doc. No. 13. On October 29, 2004, this Court granted the Government's motion for downward departure under 18 U.S.C. § 3553(e) and sentenced Petitioner to 120 months in prison, departing below the statutory minimum penalty required by § 924(e). Motion by USA, id. at Doc. No. 16; Judgment, id. at Doc. No. 17. Petitioner did not appeal his conviction or sentence.

On June 30, 2016, the Clerk of Court received a letter from Petitioner, signed on June 26, 2016, asserting that his conviction and sentence were unconstitutional under the Supreme

1

Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Clerk of Court mailed Petitioner the 28 U.S.C. § 2255 form utilized by this Court, which Petitioner completed and returned on February 2, 2007.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id.

## III. DISCUSSION

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. 2551, 2558 (2015). Under the ACCA, a defendant faces a mandatory minimum sentence of 15 years in prison if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556. Thus, a defendant who

was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition of the ACCA is entitled to relief from his sentence. In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner is not entitled to relief under Johnson, because, at the time of sentencing, he had at least three prior convictions that qualified him for an enhanced sentence under the ACCA, § 924(e)(1). Specifically, he had two prior convictions for a "serious drug offense": a 1991 federal conviction for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and a 1995 North Carolina conviction for the sale and delivery of cocaine. Indictment, id. at Doc. No. 1. Furthermore, Petitioner had at least two prior North Carolina convictions for felony breaking and entering. Id. The Fourth Circuit Court of Appeals has held that North Carolina's breaking and entering offense categorically qualifies as a "burglary" and, therefore, as a predicate offense under the ACCA, § 924(e)(2)(B). See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014).

Petitioner contends that the holding in Mungro has been called into question by the Supreme Court's decision in Mathis v United States, 136 S. Ct. 2243 (2016). In that case, the Court held that a conviction under Iowa's burglary statute does not qualify as the enumerated predicate offense of "burglary" under the ACCA. See id. at 2250, 2257. The Court's decision in Mathis, has nothing to do with Johnson, which "[did] not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Johnson, 135 S. Ct. at 2563. Therefore, Petitioner's suggestion that his breaking and entering convictions no longer qualify as burglaries under the ACCA is, in effect, a separate claim for relief that is time-barred. See 28 U.S.C. § 2255(f).

## IV. CONCLUSION

Petitioner's challenges to his conviction and sentence are either time-barred or without merit. Consequently, his amended § 2255 Motion to Vacate must be dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 2) is **DISMISSED and DENIED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2017

Richard L. Voorhees
United States District Judge